[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR STAY PENDING APPEAL
In a Memorandum of Decision dated November 28, 2001, the undersigned suspended the respondent from the practice of law for a period of one year. The Respondent has taken an appeal from that decision, and has moved that this court stay the imposition of the suspension until the appeal has been decided. In support, he notes that the incident grew out of representation of the complainant by the Respondent that began in 1989, that the complaint was first filed against him in 1995, that he has never before been disciplined and that he therefore represents no threat to the public that would justify the harsh result of suspending him from practice before the Appellate Court has had a chance to rule. He also argues that since the undersigned declined the invitation to decide whether certain possible activities of the respondent and/or lawyers who currently work for him might constitute the unauthorized practice of law, the failure to grant a stay would place the Respondent and these lawyers in the unenviable position of having to decide for themselves whether such activities would be appropriate and face harsh consequences if they make he wrong decisions.
The Petitioner argues that it is implicit in the court's order of suspension that the Respondent poses a threat to the public, since "[i]f a court disciplines an attorney, it does so not to mete out punishment to an offender, but [so] that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession." Doe v. Statewide Grievance Committee,240 Conn. 671, 684-85, 694 A.2d 1218 (1997), quoting Massameno v.Statewide Grievance Committee, 234 Conn. 539, 554-55, 663 A.2d 317
(1995). The Petitioner also points out that the Respondent admitted to most of the allegations of the petition, including the ones which the court felt were the most serious, so that even if some of the court's findings are reversed, most of them will remain unaffected by the CT Page 44 appeal. Moreover, since the nature of the discipline imposed is well within the discretion of the trial court, the chances that the discipline imposed will be significantly altered are dim. The Petitioner concludes that the Respondent, for whom the effective date of the suspension was set at some five weeks after the date of the Memorandum of Decision, seeks now only to delay the inevitable.
Balancing these considerations, the court concludes that, given the amount of time that has passed since the conduct that forms the basis of this complaint occurred, and given the Respondent's lack of a disciplinary record, an immediately effective date of suspension does not provide significantly more public protection than one that would follow Appellate Court review. However dimly the Petitioner, and the court, view the Respondent's prospects for success on appeal, the Respondent has the right to seek such review. Accordingly, the motion for a stay is granted. The court trusts that the parties will use their best efforts to expedite the appellate process.
Jonathan E. Silbert, Judge